**SO ORDERED**

**SIGNED this 1 day of February, 2024.**

_____
**Pamela W. McAfee**
**United States Bankruptcy Judge**

_____

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### RALEIGH DIVISION

| IN RE:<br><br>9 METERS BIOPHARMA, INC.,<br><br>DEBTOR | CASE NO. 23-01992-5-PWM<br>CHAPTER 7 |
|---|---|
| **ORDER GRANTING MOTION TO EXTEND TIME TO ASSUME OR REJECT EXECUTORY CONTRACTS FOR AGREEMENTS WHERE AZENTA US INC. IS A COUNTERPARTY, TO ESTABLISH CURE AMOUNTS, AND TO POTENTIALLY ASSUME OR ASSIGN CERTAIN EXECUTORY CONTRACTS** ||

This matter comes before the Court on the motion of George F. Sanderson III, Chapter 7 Trustee for the Bankruptcy Estate of 9 Meters Biopharma, Inc. (the "Trustee") to extend the time to assume or reject executory contracts in which Azenta US Inc. ("Azenta US") is a counterparty through and until March 15, 2024, to establish cure amounts, and to authorize the potential assumption and assignment of agreements with Azenta US to Helicore Bioventures I, Inc. ("Motion"). No party in the interest has filed an objection or otherwise responded to the Motion. With respect to the Motion, the Court finds as follows:

1. On July 17, 2023 (the "Petition Date"), the Debtor filed a voluntary petition seeking relief under Chapter 7 of the Bankruptcy Code.

2. On July 19, 2023, the Court appointed Richard D. Sparkman as the Chapter 7 Trustee for the Debtor's bankruptcy estate.

3. On August 17, 2023, Mr. Sparkman resigned as Chapter 7 Trustee and Mr. Sanderson was appointed as successor Chapter 7 Trustee.

4. The original deadline for the Trustee to assume or reject executory contracts (the "assumption/rejection deadline") was September 15, 2023. On motion of the Trustee, the Court ordered the extension of the assumption/rejection deadline to November 14, 2023. On further motion of the Trustee, the Court extended the to assume or reject executory contracts through January 16, 2024.

5. The Motion was filed on January 12, 2024, before the deadline for the Trustee to assume or reject executory contracts, as previously extended, expired.

6. By order dated January 5, 2024, the Court approved the Trustee's sale of certain assets related to and including certain intellectual property of the Debtor, to Helicore Bioventures, I, Inc. ("Helicore") pursuant to the terms of that certain Asset Purchase Agreement entered into between the Trustee and Helicore dated January 5, 2024 (the "APA").

7. The APA provided for the Trustee's assumption and assignment of certain executory contracts to Helicore, listed on Schedule 2.4(a) appended to the APA, in accordance with the assumption and assignment procedures set forth in the Bidding Procedures Order that the Court Entered on November 29, 2023 [D.E. #116] and as otherwise set forth in the APA.

8. Section 2.4(c) of the APA provides Helicore the option to designate additional executory contracts for potential assumption and assignment following the approval of the APA, but within one business day prior to closing.

9. Helicore has timely additionally designated the agreements with Azenta US for potential assumption and assignment.

10. The Trustee provided adequate notice of the Motion and the potential assumption and assignment to Helicore of the agreements with Azenta US and

indicated in the Notice of Motion the consequences of Azenta US failing to respond to the Motion.

11. In the Motion, the Trustee asserted that the Cure Amounts necessary to assume and assign all agreements where Azenta US is a counterparty is $501.77.

12. Azenta US did not file an objection or otherwise timely respond to the Motion.

Based on the foregoing findings, the Court ORDERS as follows:

1. The date by which the Trustee has to assume or reject executory contracts with Azenta US is extended through and until March 15, 2024;

2. The Cure Amount necessary for the assumption and assignment of all agreements with Azenta US is $501.77;

3. Because of its failure to object to the Cure Amount and otherwise to the assumption and assignment of its agreements, Azenta US is estopped from asserting or claiming any Cure Amount greater than the Cure Amount set forth in the Motion;

4. The assumption and assignment of all agreements with Azenta US otherwise satisfies all applicable requirements for assumption and assignment including, without limitation, the requirements set forth in Section 365 of the Bankruptcy Code;

5. Because of its failure to object to the Cure Amount and otherwise to the assumption and assignment of its agreements, Azenta US is deemed to have consented to the assumption by the Trustee and assignment or transfer (including the transfer of any related rights and benefits thereunder) to Helicore Bioventures I, Inc. of all agreements with Azenta US and the adequacy of future performance thereunder.

6. Because of its failure to object to the Cure Amount and otherwise to the assumption and assignment of its agreements, Azenta US is forever barred and estopped from asserting or claiming against the Trustee, the Bankruptcy Estate, or

Helicore Bioventures I, Inc., as applicable, that any additional defaults exist or that conditions to assumption, assignment, and transfer must be satisfied as to any agreement with Azenta US (including, without limitation, with respect to adequate assurance of future performance by Helicore Bioventures I, Inc.) or that any related right or benefit under such contract cannot and will not be available to Helicore Bioventures I, Inc.;

      7.      The assumption and assignment of all agreements with Azenta US is otherwise governed by the terms of the APA.

**END OF DOCUMENT**