December 6, 2024

U.S. Bankruptcy Court
PO Box 791
Raleigh, NC 27602

**FILED**

DEC 1 6 2024

STEPHANIE J. BUTLER, CLERK
U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF NC

RE: Case No: 23-1992-5-PWM
    Claim No. 15-1
    Evelyn Jaeger

Dear Sirs:

I am writing to respond to the correspondence issued by 9 Meters Trustee in bankruptcy indicating that my priority wage claim of $4305.00 may be "reduced, modified, or eliminated" as a result of not being a W-2 employee of the Debtor but instead an independent contractor that received a 1099.

My claim should be retained as a priority claim. I note that Section 507(a)(4)(A) of the code does not mention 1099 or W-2 being a determinative factor in whether an individual is an employee or a contractor. In fact, according to the case law cited by the Trustee:

> " . . . [T]he most important single factor in determining whether an employer-employee relationship exists is whether the employer retains the right to control and direct the manner in which the work is to be performed, as opposed to leaving the worker free to exercise his own judgment regarding the method for doing the work."
>
> In re W. Wayne Transportation, Inc., Case No. 00-10028C-7G, (Bankr. M.D.N.C. Oct. 5, 2001)

It is important to note that the priority status was established by 9 Meters because I was employed by them as the head of their regulatory affairs and quality assurance. I was at all times under the sole supervision and control of 9 Meters management. I was required to adhere to 9 Meters policy and procedure. The method of tax collection was strictly for the convenience of both parties.

15 PREAKNESS LAND, NEW CITY, NY 10956
JAEGERE93@GMAIL.COM

Furthermore, unlike the claimants in W. Wayne (*supra*) 9 Meters provided all equipment and office space necessary for me to complete my work. I had a 9 Meters email address, and the company provided equipment for my work at home services.

The Trustee misapprehends the nature of my employment. I was not an "independent contractor". I was at all times working under the supervision and control of 9 Meters, in facilities and on equipment provided by the company. I had no other employers. My hours were set by the company and the 1099s reflect a regular salary.

It is for the foregoing reasons that the Trustee's objection should be overruled, and my claim retains a priority status.

Sincerely,

*Evelyn Jaeger*

Evelyn Q. Jaeger

CC:   George F. Sanderson III
      John A. Northen
      9 Meters Biopharma, Inc.

2