## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
## RALEIGH DIVISION

| IN RE:<br><br>9 METERS BIOPHARMA, INC.,<br><br>DEBTOR | CASE NO. 23-01992-5-PWM<br>CHAPTER 7 |
|---|---|
| **OBJECTION TO CLAIM #69-1 AND TO REQUEST FOR ALLOWANCE AND PAYMENT OF CHAPTER 7 ADMINISTRATIVE EXPENSES OF ORACLE AMERICA, INC.** ||

George F. Sanderson III, Chapter 7 Trustee for the Bankruptcy Estate of 9 Meters Biopharma, Inc. ("Trustee") objects to Claim #69-1 and the Request for Allowance and Payment of Chapter 7 Administrative Expenses filed by Oracle America, Inc., successor in interest to NetSuite, Inc. ("Oracle") [D.E. #223] on the following basis:

1. On July 17, 2023 (the "Petition Date"), the Debtor filed a voluntary petition seeking relief under Chapter 7 of the Bankruptcy Code.

2. On July 19, 2023, the Court appointed Richard D. Sparkman as the Chapter 7 Trustee for the Debtor's bankruptcy estate.

3. On August 17, 2023, Mr. Sparkman resigned as Chapter 7 Trustee and Mr. Sanderson was appointed as successor Chapter 7 Trustee.

4. In three separate orders [D.E. #152, 153, 154] (the "Sale Orders"), the Court approved the Trustee's sale of assets related to and including certain intellectual property of the Debtor in a total amount of $7,050,000.00.

5. The sales approved by the terms of the Sale Orders each included the assumption and assignment of executory contracts associated with the assets sold pursuant to the Sale Orders.

6. In conjunction with the sale process, the Trustee sought multiple extension of time to assume or reject executory contracts. The original deadline for the Trustee to assume or reject executory contracts was September 15, 2023

pursuant to 11 U.S.C. § 365(d)(1). The Trustee sought, and ultimately was granted, an extension of time to assume or reject executory contracts through January 16, 2024 [D.E. # 113].[1]

7. Oracle was included on the Debtor's original mailing matrix and, as such, received notice of the Debtor's bankruptcy filing shortly after the Petition Date.

8. Upon information and belief, the Debtor used Oracle's services pre-petition to maintain accounting data for the Debtor.

9. The Debtor provided the Trustee with 2 years of pre-petition general ledger detail from Oracle's system on July 20, 2023. The Trustee never accessed Oracle's system directly nor obtained any additional financial information from Oracle's system subsequent to July 20, 2023.

10. On October 18, 2023, Oracle timely filed, and amended that same day, a proof of claim asserting a general unsecured claim in the amount of $5,286.26 [Claim Register #51-2]. The basis for the claim was "Subscription Services Agreement and related Estimates."

11. Oracle did not attach the Subscription Services Agreement to its original proof of claim. Instead, Oracle submitted with the claim an invoice dated June 16, 2023 indicating that the terms of the invoice were net 30 with a due date of July 26, 2023.

12. The Trustee never operated nor sought to operate the Debtor as a going concern. The Trustee utilizes his trustee case management software, TrustE Solutions, for post-petition bookkeeping and has engaged Edward A. Golden as the estate's accountant for this bankruptcy matter. [D.E. #21, 22].

13. At no point did the Trustee consider marketing the Subscription Services Agreement along with the saleable intellectual property of the Debtor.

---

[1] By separate order, the Court further extended the deadline for the Trustee to assume or reject executory contracts with Azenta US through March 15, 2024 [D.E. #166]. That order did not operate to extend the time to assume or reject the contract that is at issue in this objection.

14. In conjunction with filing its Request for Allowance and Payment of Chapter 7 Administrative Expenses, Oracle filed a second proof of claim [Claims Register # 69-1] on December 13, 2024 asserting a general unsecured claim in the amount of $10,572.54. Oracle submitted in support of the second claim the same June 16, 2023 invoice in the amount of $5,286.26 that was attached to its original proof of claim, along with a separate invoice dated September 20, 2023, i.e post-petition, in the additional amount of $5,286.27.

15. Oracle did not attach the Subscription Services Agreement to the Second Proof of Claim. Oracle also did not attach the Subscription Services Agreement to its administrative expense request.

16. Oracle has provided no proof that the September 20, 2023 invoice was issued pursuant to an executory contract between Oracle and the Debtor.

17. Oracle has failed to provide proof that it had an executory contract with the Debtor beyond the terms set forth in the June 16, 2023 invoice.

18. At no point did the Trustee assume the alleged Subscription Services Agreement or otherwise seek to engage Oracle or NetSuite as a professional in this bankruptcy proceeding.

19. To the extent that the Debtor's agreement with Oracle was executory, the agreement was deemed rejected as of January 16, 2024.

20. Pursuant to 11 U.S.C. § 502(g)(1) a rejection damage claim is allowable only "[a]s if such claim had arisen before the date of the filing of the petition," i.e. a general unsecured claim.

21. In other circumstances, i.e. with respect to a non-residential lease of real property, a creditor may be entitled to administrative expenses pending the Trustee's rejection of the agreement. *See* 11 U.S.C. § 365(d)(3). The Trustee has no statutory mandate, however, to perform on executory contracts pending rejection or assumption.

22. None of Oracle's claims are otherwise entitled to administrative priority. None of Oracle's claims amount to "actual, necessary costs and expense of

preserving the estate" or otherwise meet the criteria for administrative claim allowance pursuant to 11 U.S.C. § 503(b).

WHEREFORE, the Trustee respectfully requests as follows:

1. That Claim Number 69-1 of Oracle America, Inc. be denied on the basis that it is duplicative of Claim Number 51-2 and otherwise fails to meet the criteria for being a rejection damages claim;

2. That Oracle America, Inc's Request for Allowance and Payment of Chapter 7 Administrative Expenses be denied; and

3. For such further and additional relief as the Court deems necessary and just.

Respectfully submitted, this the 2nd day of January, 2025.

/s/ George F. Sanderson III
George F. Sanderson III
Bar No. 33054
P.O. Box 6130
Raleigh, NC 27628
(984) 867-9300
george@georgesandersonlaw.com
*Chapter 7 Trustee*

4

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No.: 23-1992-5-PWM |
| | ) | |
| 9 Meters Biopharma, Inc., | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |

### NOTICE OF OBJECTION TO CLAIM AND REQUEST FOR ALLOWANCE AND PAYMENT OF ADMINSITRATIVE EXPENSES

George F. Sanderson III, Trustee, has filed an objection to your claim and request for allowance and payment of administrative expenses in this bankruptcy case.

<u>Your claim and request may be reduced, modified, or eliminated</u>. You should read these papers carefully and discuss them with your attorney, if you have one.

If you do not want the court to eliminate or change your claim or request, then within thirty (30) days of the date of this notice, you or your attorney must file with the court, pursuant to Local Rule 9014-1, a written response, an answer explaining your position, and a request for hearing at U.S. Bankruptcy Court, P.O. Box 791, Raleigh, NC 27602.

If you mail your response to the court for filing, you must mail it early enough so that the court will **receive** it on or before the date stated above.

You must also send a copy to:   George F. Sanderson III
　　　　　　　　　　　　　　　The Sanderson Law Firm, PLLC
　　　　　　　　　　　　　　　P.O. Box 6130
　　　　　　　　　　　　　　　Raleigh, NC 27628

Name & Address of Others to be Served:   John A. Northen
　　　　　　　　　　　　　　　Northen Blue, LLP
　　　　　　　　　　　　　　　P.O. Box 2208
　　　　　　　　　　　　　　　Chapel Hill, NC 27515-2208

　　　　　　　　　　　　　　　9 Meters Biopharma, Inc.
　　　　　　　　　　　　　　　4509 Creedmore Road, Suite 600
　　　　　　　　　　　　　　　Raleigh, NC 27612

If a response and a request for hearing is filed in writing on or before the date set above, a hearing will be conducted on the objection to claim and request at a date, time and place to be later set and all parties will be notified accordingly.

If you or your attorney do not take these steps, the court may decide that you do not oppose the objection to your claim and request.

Date: January 2, 2025                              BY:    ***/s/ George F. Sanderson III***
                                                          George F. Sanderson III
                                                          P.O. Box 6130, Raleigh, NC 27628

CERTIFICATION OF SERVICE

      I, George F. Sanderson III, do hereby certify that the **TRUSTEE'S OBJECTION TO CLAIM #69-1 AND TO REQUEST FOR ALLOWANCE AND PAYMENT OF CHAPTER 7 ADMINSITRATIVE EXPENSES OF ORACLE AMERICA, INC.** was served upon all parties of record as indicated below either by electronic service via the CM/ECF system or by mailing a copy thereof at the addresses indicated below with the proper postage attached and deposited in an official depository under the exclusive care and custody of the United States Postal Service in Raleigh, North Carolina, on January 2, 2025.

      BY:*/s/ George F. Sanderson III*
      George F. Sanderson III
      P.O. Box 6130
      Raleigh, NC 27628
      george@georgesandersonlaw.com
      984.867.9300

***SERVED VIA CM/ECF*:**

**John A. Northen**
jan@nbfirm.com

**9 Meters Biopharma, Inc.**
by notice to the Debtor's
attorney at jan@nbfirm.com

**Brian Behr**
Bankruptcy Administrator's Office
Brian_Behr@nceba.uscourts.gov
Lesley_Dean@nceba.uscourts.gov

**Jeffrey W. Melcher**
Buchalter, P.C.
Counsel for Oracle America, Inc.
jmelcher@buchalter.com

***SERVED VIA U. S. POSTAL SERVICE***
Shawn M. Christianson, Esq.
c/o Buchalter PC
425 Market St., Suite 2900
San Francisco, CA 94105